ROBERT FRAZER
United States Attorney
FRANCESCA LIQUORI
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07104
(862) 754-2335
Francesca.Liquori3@usdoj.gov
*Attorneys for Respondents*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN FERNANDO VIDAL-ALVARADO,<br>*Petitioner*,<br>v.<br>LUIS SOTO, *et al.*,<br>*Respondents*. | Hon. Julien X. Neals, U.S.D.J.<br>Civil Action No. 26-9138 (JXN)<br>**ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW** |

THIS MATTER is before the Court on Respondents' Motion to Seal Exhibit to Respondent's Letter dated August 17, 2026 (ECF No. 10); and the Court having considered the submissions of the Parties; and the Court having made the following findings of fact and conclusions of law pursuant to Local Civil Rule 5.3(c); and for good cause having been shown:

1. On August 17, 2026, Respondents requested that the Court amend its July 23, 2026 order prohibiting U.S. Immigrations and Customs Enforcement ("ICE") from transferring habeas petitioner Vidal-Alvarado from Delaney Hall Detention Facility so that ICE may transfer Petitioner to another facility within the region. ECF No. 9. In support of this request, Respondents attached a declaration from Ronald

Romero, ICE Supervisory Detention and Deportation Officer (the "Exhibit"). *See* ECF No. 10.

2. The Exhibit includes sensitive information regarding a complaint made by the Petitioner regarding staff at Delaney Hall.

3. Respondents seek to seal ECF No. 10 in its entirety.

4. It is well settled that "a common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). However, "the common law right of access is 'not absolute'" and the presumption of public access may be rebutted where the party seeking to seal records demonstrates "'that the interest in secrecy outweighs the presumption.'" *Id.* (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

5. Local Civil Rule 5.3(c)(3) requires a party seeking to permanently seal materials filed with the court to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending

action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

6. ECF No. 10 details sensitive information regarding a complaint made by the Petitioner regarding staff at Delaney Hall.

7. Respondents seek to permanently seal ECF No. 10 to avoid public disclosure of this sensitive personal information concerning Petitioner.

8. Respondents have conferred with Petitioner's counsel and learned that Petitioner does not object to sealing. Respondents also note that Petitioner will not suffer any prejudice because ECF No. 10 was provided to Petitioner's counsel via e-mail on August 16, 2026.

9. After review of ECF No. 10, the Court agrees that it should be permanently sealed. The Court finds that the disclosure of ECF No. 10 to the public, via publication on the Court's docket, is unnecessary and would disclose sensitive personal information, thereby injuring Petitioner's interests.

10. There is no "less restrictive" alternative to sealing this sensitive and confidential record. ECF No. 10 cannot be redacted because virtually the entirety of ECF No. 10 relates to that information as it is entirely comprised of sensitive information. Further, the unsealed materials available on the docket provide sufficient information for the public to understand the implicated legal issues, factual circumstances, and issues of dispute between the Parties.

11. Maintaining this record under permanent seal will not prejudice Petitioner because it was made available to him in connection with this action.

12. Accordingly, the Court finds that good cause exists to seal the record at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and Local Civil Rule 5.3(c). The Court therefore permits the Clerk of the Court to maintain this record under seal.

HONORABLE JULIEN X. NEALS
United States District Judge

At Newark, New Jersey

Date: 8/18/2026